# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

KENNETH CLARKE and
JOY CLARKE,

       Plaintiffs,

v.                                 No. 15-CV-1140 MV/SCY

RAY WHITE, ROBERT ESHOM, JAMES REMPE,
STATE OF NEW MEXICO, NEW MEXICO
STATE POLICE, a division of the
NEW MEXICO DEPARTMENT OF
PUBLIC SAFETY,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants Ray White, State of New Mexico

and New Mexico State Police's Motion for Summary Judgment [Doc. 59].   The Court, having

considered the motion, briefs, and relevant law, and being otherwise fully informed, finds that the

motion is well-taken and will be granted.

## BACKGROUND

"The facts supported by evidence, [viewed] in the light most favorable to [Plaintiff]" as

the party opposing summary judgment, are as follows.   *Cavanaugh v. Woods Cross City*, 625

F.3d 661, 662 (10th Cir. 2010).   Benjamin Smith is the minor child of Jeremy Smith and Joy

Clarke, who is currently married to Kenneth Clarke.   Jeremy's father, Steven Smith, is an

officer with the Farmington branch of the New Mexico State Police Department.

On July 27, 2011, Officer James Rempe of the Farmington branch of the New Mexico

State Police Department received a CYFD referral indicating that Benjamin was potentially

exposed to pornographic material by his father Jeremy.   Officer Rempe arranged for a safe

house interview for Benjamin.   Thereafter, on October 29, 2013, Joy and Kenneth reported to

Lieutenant Robert L. Eshom of the Farmington branch of the New Mexico State Police

Department that Benjamin's father Jeremy was exposing Benjamin to pornographic or

inappropriate material.   At some point between October 13, 2013 and December 13, 2013, Joy

filed a complaint against Lieutenant Eshom and Officer Rempe.   Although both Lieutenant

Eshom and Officer Rempe are assigned to the Farmington branch of the New Mexico State

Police Department where Jeremy's father, Officer Steven Smith, is also assigned, neither of them

has any relationship with Officer Smith.

On December 29, 2013, Joy reported to Officer Dominick Thornock of the Farmington

branch of the New Mexico State Police that Benjamin had reported to her that his father Jeremy

had touched him inappropriately.   Benjamin's case was then reassigned to Agent Ray White of

the New Mexico State Police Investigations Bureau in Albuquerque.

On January 6, 2014, a safe house interview of Benjamin was conducted, with Agent

White and others observing the interview from another room.   The interviewer concluded that

Benjamin did not disclose any type of abuse, neglect, or illegitimate contact.   Agent White

agreed with this conclusion.

After the interview, Agent White informed Joy that they would be taking custody of

Benjamin.   Agent White also contacted Jeremy and told him to park outside of Childhaven and

prepare to take custody of Benjamin pursuant to an interim custody order.   Agent White then

spoke with Kenneth and advised him of the situation.   While Agent White was speaking with

Kenneth, Joy stormed out of the building, took Benjamin outside to her truck and locked herself

in the front passenger seat.   Joy told Agent White that she needed to obtain her son's clothing

and personal effects and would make the normal exchange with Jeremy. Joy and Kenneth then drove away with Benjamin in the truck.

On January 13, 2014, Agent White filed arrest warrant affidavits for Joy and Kenneth. Based on those affidavits, on January 14, 2014, Joy was charged with resisting or obstructing an officer and false reporting, and Kenneth was charged with resisting or obstructing an officer. Joy entered into a plea agreement, which specified that during the next six months she would incur no similar criminal charges and would successfully complete parenting and life skills classes. As a result of Joy's plea agreement, the charges were dropped against Kenneth. Joy successfully completed the requisite classes and the complaint against her was dismissed without prejudice.

Based on these facts, Joy and Kenneth commenced this action in the First Judicial District Court, County of Santa Fe, State of New Mexico, against Agent White, Lieutenant Eshom, Officer Rempe, the State of New Mexico, and the New Mexico State Police. Defendants subsequently removed the action to this Court. Plaintiffs' Complaint sets forth three causes of action: a state law claim of negligence of law enforcement officers (Count I); a state law claim of negligent supervision, training, and retention (Count II); and a federal constitutional claim of unlawful search and seizure in violation of the Fourth and Fourteenth Amendment (Count III). Plaintiffs have dismissed with prejudice their claims against Defendants Eshom and Rempe, and their claims against Defendant White in his individual capacity. The remaining Defendants (Defendant White in his official capacity, the New Mexico State Police, and the State of New Mexico) filed the instant motion for summary judgment in their favor on all of Plaintiffs' claims. Plaintiffs oppose the motion.

## STANDARD

The court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party need not "produce evidence showing the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Rather, "the burden on the moving party may be discharged by 'showing' – that is, point out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Id.*; *see also Sports Unltd., Inc., v. Lankford Enter., Inc.*, 275 F.3d 996, 999 (10th Cir. 2002) (Although "[t]he burden of showing that no genuine issue of material fact exists is borne by the moving party," when "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden by pointing to a lack of evidence for the nonmovant on an essential element of the nonmovant's claim"). Once the moving party has met this burden, the nonmoving party must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324. In making this showing, the nonmoving party may not rely on "the mere pleadings themselves." *Id.*

For purposes of Rule 56(a), a dispute is genuine "if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Becker v. Bateman*, 709 F.3d 1019, 1022 (10th Cir. 2013). "An issue of fact is material if under the substantive law it is essential to the proper disposition of the claim." *Id.* (citation omitted). In other words, "[t]he question . . . is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* (citation

omitted).   On summary judgment, the court "construe[s] the factual record and the reasonable inferences therefrom in the light most favorable to the nonmoving party."   *Mata v. Saiz*, 427 F.3d 745, 749 (10th Cir. 2005).

## DISCUSSION

Plaintiffs' claims remain pending against Defendant White in his official capacity and against the entities of the State of New Mexico and New Mexico State Police.   In connection with Plaintiffs' constitutional claim, "an official-capacity suit is in all respects, other than name, . . . a suit against the entity.'"   *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).   Thus, the Court applies the law regarding municipal liability to Plaintiff's constitutional claim against all remaining Defendants.   As explained herein, there is no evidence in the record to establish municipal liability.   Summary judgment thus is proper on Plaintiffs' federal constitutional claim.   As further explained herein, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims, and thus will remand those claims to state court.

I.    There is No Evidence to Support Plaintiffs' Federal Constitutional Claim.

In Count III of the Complaint, Plaintiffs assert that Defendants violated their Fourth Amendment right to be free from unlawful search and seizure.   In support of that claim, Plaintiffs allege that "the defendants" – without specifying which particular defendant engaged in which particular conduct – "presented a skewed, intentionally inadequate version of the facts to both the district attorney and the court in order to obtain an unlawful arrest warrant for each of the plaintiffs," thereby causing "the plaintiffs to be seized based on the unlawful warrant," in order to "intimidate the plaintiffs to stop reporting abuse of the child," "to punish them for complaining about NMSP officers," and "to further the interests of their ally, Mr. [Steven] Smith."   Doc. 3 at

¶¶ 64-67. The Complaint contains no further allegations linking this allegedly violative conduct of unnamed and unspecified officers to any policy or custom of the New Mexico State Police or the State of New Mexico. Nor does the evidence presented by Plaintiffs demonstrate that the officers involved in either the investigation of child abuse allegations against Jeremy or the process of obtaining warrants for the arrest of Joy and Kenneth acted pursuant to any municipal policy or custom.

The Supreme Court has made clear that "Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 770 (10th Cir. 2013) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). Rather, "municipal liability is limited to action for which the municipality is actually responsible." *Schneider*, 717 F.3d at 770 (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986)). Accordingly, a plaintiff may sue a municipality for damages only when "the action that is alleged to be unconstitutional implements a policy statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers" or is "visited pursuant to governmental 'custom' even though such custom has not received formal approval through the body's official decision-making channels." *Monell*, 436 U.S. at 690-91. To establish municipal liability, a plaintiff must demonstrate that (1) an officer committed an underlying constitutional violation, (2) a municipal policy or custom exists, *and* (3) there is a direct causal link between the policy or custom and the injury alleged – *i.e.*, that the policy or custom was the "moving force" behind the alleged injury. *See id*.; *City of Canton v. Harris*, 489 U.S. 378, 388-89 (1989). Further, a plaintiff must "show that the policy was enacted or maintained with deliberate indifference to an almost

inevitable constitutional injury." *Schneider*, 717 F.3d at 769 (citing *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); *Harris*, 489 U.S. at 389).

Plaintiffs have failed to establish municipal liability under the *Monell* standard. Assuming *arguendo* that the evidence sufficiently demonstrates that the officers involved in drafting the arrest warrant affidavits committed a Fourth Amendment violation, Plaintiffs identify no policy or custom that was the "moving force" behind any such violation. The Complaint is devoid of any allegations, and the record is devoid of any evidence, that any of the officers involved in this matter acted pursuant to any policy or custom of the New Mexico State Police or the State of New Mexico, much less a custom or policy enacted or maintained with the requisite deliberate indifference. Because Plaintiffs have failed to establish municipal liability, none of the remaining Defendants can be held liable for damages on Plaintiffs' federal constitutional claim. Summary judgment in favor of Defendants thus is warranted on Count III of the Complaint.

II.     The Court Declines to Exercise Pendent Jurisdiction Over Plaintiffs' State Law Claims.

In Counts I and II of the Complaint, Plaintiffs assert New Mexico negligence claims against Defendants. The Court's pendent jurisdiction over these state law claims "is exercised on a discretionary basis," and the Tenth Circuit has generally held that "if federal claims are dismissed before trial, leaving only issues of state law, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Brooks v. Gaenzle*, 614 F.3d 1213, 1229 (10th Cir. 2010) (citations omitted). The Tenth Circuit has explained its general disinclination "to exercise pendent jurisdiction in such instances because notions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary." *Id.* at 1230 (citations omitted).

Having determined that Plaintiffs' federal constitutional claim is subject to summary judgment in Defendants' favor, only the supplemental or pendent state law negligence claims remain. The Court finds that these claims are best left for a state court's determination. *Brooks*, 614 F.3d at 1230. Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and will remand them to the First Judicial District Court for the State of New Mexico for further proceeding. *Id.*

## CONCLUSION

Because there is an absence of evidence to establish municipal liability, Plaintiffs are unable to support their federal constitutional claim. Defendants thus are entitled to judgment as a matter of law on Count III of the Complaint. The Court declines to exercise supplemental jurisdiction over the state law negligence claims set forth in Counts I and II of the Complaint, and remands those claims to the First Judicial District Court for the State of New Mexico for further proceeding.

**IT THEREFORE IS ORDERED** that Defendants Ray White, State of New Mexico and New Mexico State Police's Motion for Summary Judgment [Doc. 59] is GRANTED.


DATED this 22nd day of January, 2019.

_____
MARTHA VÁZQUEZ
United States District Judge